United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Christina Onita-Olojo, as Personal Representative of the Estate of Jennifer Onita, *and others*, Plaintiffs<br><br>v.<br><br>Stacey Veolette Sellers, as Personal Representative of the Estate of Peter Simon Waxtan, Defendant | )<br>)<br>)  Civil Action No. 12-62064-Scola<br>)<br>)  (Consolidated Case Nos. 13-60443, 14-<br>)  60627, 14-61237, & 14-61267)<br>)<br>)<br>) |

**Order Denying Defendant's Motion To Dismiss**

In June 2012, Dana Airlines Flight 992 crashed while attempting to land in Lagos, Nigeria. One of those killed in the crash was Kim Edgar Norris. His wife, Pamela A. Norris, brought this wrongful-death lawsuit as the personal representative of his Estate. The Defendant, Sellers, argues that Norris's case should proceed in the courts of Nigeria, and that this Court should dismiss Norris's claims under the doctrine of forum non conveniens. For the reasons explained in this Order, the Court denies Sellers's motion to dismiss.

**1. Legal Standard: Doctrine of Forum Non Conveniens**

The purpose of the common-law doctrine of forum non conveniens (forum not agreeing) is to ensure that a case can be litigated conveniently in the setting in which it was filed. *See La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). By virtue of the doctrine, a district court may decline to exercise jurisdiction over a case when an adequate, alternative forum is available. *Id.*

In undertaking a forum non conveniens analysis, a court must first consider whether the proposed alternative forum is available and adequate. *See Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). "An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Id.* An alternative forum is adequate so long as it "offers at least some relief." *Id.*

If the court finds that the alternative forum is both available and adequate, the court must then evaluate both the public and private interests involved in retaining the case. *Leon*, 251 F.3d at 1311. Private interests include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*,

382 F.3d 1097, 1100 (11th Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)). Public interests include the administrative burden imposed upon the court, the imposition of jury duty on the citizens of a community, and the "local interest in having localized controversies decided at home." *Id.*

"[T]he plaintiffs' choice of forum should rarely be disturbed unless the balance is strongly in favor of the defendant." *Id.* (internal quotation marks omitted). A court must "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before" denying a United States citizen or resident access to the courts of this country. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 n.7 (11th Cir. 1983). "[A] foreign plaintiff's choice deserves less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).

### 2. Analysis
#### A. Availability and Adequacy of Nigerian Jurisdiction

This Court has previously determined that Nigeria is an available and adequate alternative forum to litigate the claims raised in this litigation. *Onita-Olojo v. Sellers*, No. 12-62064, 2014 WL 1319304, at *4–5 (S.D. Fla. Mar. 31, 2014). That determination remains accurate. The Court now turns to the private and public factors.

#### B. Private Interests

Private factors that a court must consider in the forum non conveniens analysis include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *SME Racks, Inc.*, 382 F.3d at 1100 (quoting *Gulf Oil Corp.*, 330 U.S. at 508–09 (1947)). Domestic plaintiffs (i.e., United States citizens, residents, or corporations) are afforded "'a strong presumption' that their forum choice is sufficiently convenient." *Leon*, 251 F.3d at 1311 (quoting *Piper Aircraft Co.*, 454 U.S. at 256. Courts apply a "weaker presumption" of convenience when evaluating foreign plaintiffs' cases. *Id.*

##### (1) *Liability Evidence*

In its previous forum non conveniens order, the Court noted that although most of the liability evidence in this case is in Nigeria, the Plaintiffs argue that they can prove the pilot's liability by presenting expert witnesses.

*Onita-Olojo*, 2014 WL 1319304, at *4. The Court relied heavily on the Sellers's stipulation that she would not contest liability if the Plaintiffs brought their cases in Nigeria. Despite this promise, Sellers did contest liability in several cases filed in Nigeria. It was only after the Nigerian court rejected Sellers's argument that she dropped this defense. While it appears that Sellers is no longer contesting liability in the Nigerian court, these developments move the scale in Norris's favor to keep her case in this Court.

### (2) *Damages Evidence*

In its previous order, the Court determined that the damages evidence "for the cases where the decedent resided in Nigeria will be substantially more accessible in Nigeria." *Id.* at *5. And that "evidence of damages for the cases where the decedent was a United States citizen or resident at the time of his or her death will be more accessible in the United States." *Id.* These conclusions set the stage for the Court's ultimate holding in that prior order—to dismiss the foreign-decedent cases and to retain the U.S.-decedent cases. *Id.* at *7.

Norris's case is more like the U.S.-decedent cases than the foreign-decedent cases, despite the fact that Kim Edgar Norris was a resident of Ontario, Canada prior to his death. Sellers has not made any fact-specific arguments about Norris's situation. (*See* Def.'s Mot. Dismiss, ECF No. 207) (merely adopting its previously filed motion to dismiss).) Norris, on the other hand, presents compelling arguments that the damages evidence in her case will largely be found in the United States. (*See* Norris Decl. ¶¶ 4–7, ECF No. 243-2.) Mr. Norris, who lived just 60 miles from the U.S.-Canadian border, was a contractor for the International Monetary Fund—an entity headquartered in Washington, D.C. (*Id.* ¶ 4.) His supervisors are in Washington, D.C., he was paid from Washington, D.C., and he had a bank account in Washington, D.C. (*Id.* ¶ 5.) To the extent that some evidence is located in Canada, the Estate will have access to that evidence through letters rotatory, (Resp. 9, ECF No. 243); this was not the case with Nigerian-decedent cases, (Mot. Dismiss 21, ECF No. 24).

Sellers argues that the Court previously dismissed another Canadian-decedent's case based upon the forum non conveniens argument. (Reply ¶ 1, ECF No. 253 (referring to the Estate of Olukayode Adebayo Okikiolu, Case No. 14-60627).) But in that case, the decedent's *only* connection with the United States was a family vacation to Florida. (*See* Okikiolu Decl. ¶¶ 1–14, ECF No. 8-1 in Case No. 14-60627.) Norris's case is significantly distinguishable.

### C. Public Interests

Previously, this Court determined that the public-interest factors of the forum non conveniens analysis in this case was a close call. *Onita-Olojo*, 2014 WL 1319304, at *6. It remains so.

## 3. Conclusion

The forum non conveniens analysis in this case is a very close call. The first time the Court undertook the analysis in this case, it distinguished between foreign-decedent cases and U.S.-decedent cases, largely because of the location of damages evidence, but also because the forum non conveniens case law draws a distinction between cases filed by United States citizens or residents and cases filed by foreign plaintiffs. Even the previous Canadian decedent lacked any real connection with the United States.

Two things are different now. First, Norris had significant ties to the United States, and therefore the damages evidence for this case is largely available here. Second, Sellers's stipulation that she will not contest liability if Norris refiles her case in Nigeria is not as compelling as it once was since she has already gone back on that promise before. These two differences are enough to tip the balance in favor of keeping Norris's case in this Court.

For the reasons explained in this Order, the Court **denies** Sellers's motion to dismiss Norris's claims (ECF No. 207).

**Done and ordered** at Miami, Florida on September 18, 2015.

_____
Robert N. Scola, Jr.
United States District Judge